IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD QUINN,

        **Plaintiff,**

        v.                                           CASE NO. 23-3244-JWL

JOSHUA DAVIS, et al.,

        **Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Ronald Quinn is hereby required to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given an opportunity to file a proper amended complaint to cure the deficiencies.

**1. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights complaint under 28 U.S.C. § 1331. It appears that Plaintiff is a pretrial detainee confined at USP-Leavenworth in Leavenworth, Kansas. He proceeds *in forma pauperis*.

Plaintiff alleges that the defendants engaged in improper conduct resulting in Plaintiff's arrest and imprisonment. He claims that Joshua Davis, described as a detective with the Federal Bureau of Investigation/Kansas City Police Department, gave false testimony to a grand jury on August 24, 2022. (Doc. 1, at 1.) He further alleges that Cory Horalek, described as employed by the Federal Bureau of Investigation/Kansas City Police Department, made false admissions against Plaintiff and forged Plaintiff's name to a form. *Id.* at 2. Plaintiff asserts that these acts resulted in criminal charges being filed against him. *Id.*

1

Plaintiff brings three counts. Count I he titles "False insert of information in admissions on a federal case, false testimony, and forgery." Count II is for false arrest and false imprisonment. Count III is for slander/abuse. *Id*. at 3-4.

Plaintiff seeks relief in the form of $11 million for damages, $5 million in losses, and the dismissal of the federal charges. *Id*. at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. DISCUSSION**

The Complaint is subject to dismissal for a number of reasons. First, Plaintiff filed his Complaint on the form for a civil rights action pursuant to 28 U.S.C. § 1331. A civil rights action must allege the deprivation of a constitutional right. However, Plaintiff does not state which constitutional right he believes the defendants violated. Moreover, Plaintiff fails to provide factual support for his claims.

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. Plaintiff must explain what each defendant did to Plaintiff; when the defendant did it; how the defendant's action harmed Plaintiff; and what specific legal right Plaintiff believes the defendant violated. *Nasious*, 492 F.3d at 1163. The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173-74 (10th Cir. 1997) (citation omitted).

Plaintiff should show good cause why his Complaint should not be dismissed for failure to state a claim.

In addition, the Complaint is not clear about the defendants' employment. Before the Court can determine whether Plaintiff has stated a claim or whether the Court has jurisdiction over the

4

defendants, Plaintiff must clarify whether the defendants are federal law enforcement personnel, and if not, whether they are employed in Missouri or Kansas.

Furthermore, it appears that criminal charges are currently pending against Plaintiff. If the pending federal prosecution involves the allegations in the Complaint, this action may need to be stayed until the criminal case is resolved. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case ... is ended."). Plaintiff is directed to clarify whether his allegations in the Complaint are related to the pending criminal prosecution, and if so, to explain how.

Last, Plaintiff asks for the dismissal of the federal charges against him. He does not specify that he is seeking release from custody, but presumably that is his ultimate goal. Where a prisoner claims entitlement to immediate or speedier release, a petition for habeas corpus relief is his sole remedy in federal court. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release.").

**IV. Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and

given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **January 3, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed.

**IT IS FURTHER ORDERED THAT** Plaintiff is also granted until **January 3, 2024,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send 28 U.S.C. § 1331 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated December 1, 2023, in Kansas City, Kansas.**

                **S/ John W. Lungstrum**
                **JOHN W. LUNGSTRUM**
                **UNITED STATES DISTRICT JUDGE**

---

instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (231-3244-JWL) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.