**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RONALD QUINN,**

        **Plaintiff,**

        **v.**                              **CASE NO. 23-3244-JWL**

**JOSHUA DAVIS, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

This matter is a civil rights action. The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed. (*See* Memorandum and Order to Show Cause, Doc. 4) ("MOSC"). Before the Court for screening is Plaintiff's Amended Complaint (Doc. 7), filed in response to the MOSC.

**1.  Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights complaint under 28 U.S.C. § 1331 based on his pending criminal prosecution. Plaintiff is a pretrial detainee at the United States Penitentiary in Leavenworth, Kansas ("USPL") and proceeds *in forma pauperis*.

Plaintiff alleges that on November 5, 2020, Cory Horalek, described as employed by the KCPD/FBI, conducted an interview with him. He states that both parties "entered into an agreement," which Horalek then breached, "causing damages and losses." (Doc. 7, at 2.) According to Plaintiff, Horalek typed up his recollection of the interview eight days later, and the typed document is not accurate. Plaintiff further claims that Horalek forged Plaintiff's name to a "form" and stated it was signed during the interview. *Id*. at 4. Then, he asserts that Joshua Davis,

also described as employed by the "KCPD/FBI," presented the inaccurate document to a grand jury on August 24, 2022, knowing the document was fabricated or without verifying its accuracy. *Id*. at 3, 5.  Plaintiff asserts that these acts resulted in his arrest and imprisonment.  *Id*.

Plaintiff brings three counts.  Count I he titles "Fabrication/False insert of information in admissions, forgery on 11/05/2020."  *Id*. at 6.  Plaintiff claims that this conduct violated his Fifth Amendment right to avoid self-incrimination.  *Id.* at 4.  Count II is titled "False arrest, unlawful detention, false imprisonment, unlawful arrest," and Plaintiff claims violation of his Fourth Amendment right to be free from unreasonable seizure *Id.* at 4, 6. Count III is titled "Slander/Abuse/Negligence/Misconduct."  *Id*.

Plaintiff names two defendants, Horalek and Davis, and seeks relief in the form of money for damages and losses and the dismissal of "this bogus federal case."  *Id.* at 8.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in

a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

The Amended Complaint is subject to dismissal for a number of reasons.

### A.  Statute of Limitations

"It is well-settled . . . that 'state law determines the appropriate statute of limitations and accompanying tolling provisions' for § 1983 and *Bivens* claims." *Herrera-Zamora v. Crosby*, 769 F. App'x 670, 671 (10th Cir. 2019) (unpublished) (citing *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (§ 1983); *Indus. Constr. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) (*Bivens*)).  "Federal law only controls the issue of when the federal cause of action accrued." *Id.* (citing *Fratus*, 49 F.3d at 675).

"The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted).  In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted),

*cert. denied* 549 U.S. 1059 (2006).  A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations.  *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

All of Plaintiff's claims related to the 2020 interview, the resulting statement prepared by Defendant Horalek in November of 2020, and the form Horalek had Plaintiff sign are barred by the statute of limitations.  Plaintiff filed his Complaint on November 13, 2023.  The events of November, 2020, took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred.  *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).  Plaintiff has not alleged facts suggesting that he would be entitled to additional statutory or equitable tolling.  Plaintiff should show good cause why his claims should not be barred by the applicable statute of limitations.

**B.  Fourth Amendment and Malicious Prosecution**

The Tenth Circuit has recognized a Fourth Amendment § 1983 claim grounded in malicious prosecution. *Margheim v. Buljko*, 855 F.3d 1077, 1085 (10th Cir. 2017).  The Tenth Circuit requires five elements for such a claim: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Id.* (citation omitted).

If Plaintiff is attempting to bring a malicious prosecution claim, the claim fails on at least one element.  The original action has not terminated in favor of Plaintiff.  Plaintiff's federal criminal prosecution remains pending. *See United States v. Eckstein, et al.*, Case No. 22-cr-

5

200410-HLT-3 (D. Kan.).  Therefore, Plaintiff fails to state a claim under the Fourth Amendment for malicious prosecution.

### C.  Fabrication of Evidence

Plaintiff bases his Amended Complaint on the alleged fabrication of evidence by Horalek. The constitutional right at issue with a fabrication of evidence claim is the "due process right not to be deprived of liberty as a result of the fabrication of evidence by a government officer." *Truman v. Orem City*, 1 F.4th 1227, 1236 (10th Cir. 2021).  "To rise to the level of a constitutional violation, a plaintiff must assert a causal connection between the fabrication of evidence and the deprivation of liberty." *Id*. (citing *see Warnick v. Cooley*, 895 F.3d 746, 753 (10th Cir. 2018); *see also Zahrey v. Coffey*, 221 F.3d 342, 349 (2d Cir. 2000)).  Thus, to state a fabrication of evidence claim, a plaintiff must allege (1) the defendant knowingly fabricated evidence, (2) the fabricated evidence was used against the plaintiff, (3) the use of the fabricated evidence deprived the plaintiff of liberty, and (4) if the alleged unlawfulness would render a conviction or sentence invalid, the defendant's conviction or sentence has been invalidated or called into doubt. *Id*.  (citing *Warnick*, 895 F.3d at 753; *Heck v. Humphrey*, 512 U.S. 477, 478 (1994)).

The problem Plaintiff has is that a fabrication of evidence claim involves the same favorable termination requirement as a malicious prosecution claim. *McDonough v. Smith*, 139 S. Ct. 2149, 2156-57 (2019).  As discussed above, Plaintiff does not meet this requirement.

### D.  Negligence and Other State Law Claims

Plaintiff has failed to state a constitutional violation in Count III based on "Slander/Abuse/Negligence/Misconduct."  Negligence is a state law claim and does not supply grounds for a constitutional cause of action.  Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986).  It is well-settled that state law

violations are not grounds for relief under § 1983. "[A] violation of state law alone does not give

rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994)

(citation omitted). This Court is not obliged to exercise supplemental jurisdiction over any state

law claims, even if valid, given that Plaintiff has failed to allege a federal claim. *See* 28 U.S.C.

§ 1367(c)(3); *Loggins v. Norwood*, 854 F. App'x 954, 957 (10th Cir. 2021) (unpublished)

(affirming district court's decision declining to exercise supplemental jurisdiction over plaintiff's

remaining state-law claims alleging slander and defamation).

### E.   Pending Prosecution

As mentioned above, criminal charges are currently pending against Plaintiff.   In the

MOSC, the Court asked Plaintiff to clarify whether the pending federal prosecution involves his

allegations in the Complaint.   Plaintiff failed to provide any clarification in the Amended

Complaint.   It appears that this action must be stayed or dismissed without prejudice until the

criminal case is resolved.  *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a

false-arrest claim before he has been convicted (or files any other claim related to rulings that will

likely be made in a  pending or anticipated criminal trial), it is within the power of the district

court, and in accord with common practice, to stay the civil action until the criminal case ... is

ended.").  Plaintiff is again directed to clarify whether his allegations in the Amended Complaint

are related to the pending criminal prosecution, and if so, to explain how.

### F.   Request for Dismissal of Charges

Plaintiff continues to ask for the dismissal of the federal charges against him.  Where a

prisoner claims entitlement to immediate or speedier release, a petition for habeas corpus relief is

his sole remedy in federal court.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v.*

*United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see Boutwell v. Keating*,

399 F.3d 1203, 1209 (10th Cir. 2005) ("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release."). Plaintiff's Amended Complaint is therefore subject to dismissal because the relief he requests is not available in a § 1983 action.

### G. Claim for Damages

Section 1997e(e) . . . provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). This provision bars a prisoner from bringing a claim for compensatory damages without a prior showing of a physical injury. *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 807 (10th Cir. 1999). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002) (applying §1997e(e) to the plaintiff's First Amendment claim for free exercise of religion).

Plaintiff's request for compensatory damages is subject to dismissal as barred by 42 U.S.C. § 1997e(e). Plaintiff has not described any physical injury that was caused by the alleged deprivations of his constitutional rights. The Court finds that Plaintiff's claim for actual or compensatory damages is barred.

### IV. Response and/or Second Amended Complaint Required

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed

herein.[1]  Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Amended Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **April 18, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed.

**IT IS FURTHER ORDERED THAT** Plaintiff is also granted until **April 18, 2024,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send 28 U.S.C. § 1331 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated March 18, 2024, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (23-3244-JWL) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.